IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JODIE USSERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-101 (MTT)** |
| | ) | |
| **PRUITTHEALTH – EASTSIDE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Defendant PruittHealth – Eastside, LLC, moves for reconsideration of the Court's order denying Defendant's motion for summary judgment. ECF 32. In the alternative, Defendant requests the Court grant a certificate of immediate review. *Id.* For the reasons explained below, the motion (ECF 32) is **DENIED**.

**A. Reconsideration**

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (citation modified). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. (citation modified). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any

arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

Defendant cannot meet that standard. On the contrary, Defendant's motion is frivolous. It misstates the Court's analysis and ruling, it misstates the law, and, once again, it fails to cite clearly relevant authority.[1] The Court assumed that Plaintiff could not successfully navigate *McDonnell Douglas,* and then, applying the convincing mosaic standard, explained why circumstantial evidence precluded the grant of summary judgment. That analysis is consistent with *Brutsman v. Raytheon Technologies Corp.*, 2026 WL 2445639 (11th Cir. Aug. 20, 2026) and *Ismael v. Roundtree*, 161 F.4th 752, 759–65 (11th Cir. 2025).

**B. Certificate of Immediate Review**

Defendant alternatively requests that the Court certify its order for interlocutory appeal under 28 U.S.C. § 1292(b) on the issue of whether Plaintiff's proffered evidence satisfies the convincing mosaic, Rule 56 standard. ECF 32-1 at 6. Interlocutory appeals are strongly disfavored. *See, e.g., Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) ("[I]nterlocutory appeals are inherently disruptive, time-consuming, and expensive, and consequently are generally disfavored" (citation modified)); *In re Esteva*, 60 F.4th 664, 672 (11th Cir. 2023) ("Important policy considerations undergird our general hesitance to hear appeals from interlocutory orders."). A district court cannot certify an immediate appeal unless: (1) it would

[1] Defendant primarily cites *Brutsman v. Raytheon Technologies Corp.*, 2026 WL 2445639 (11th Cir. Aug. 20, 2026), an unpublished case that is consistent with the Court's understanding and application of the convincing mosaic standard. Defendant does not cite *Hall v. Coal Bed Servs. Inc.*, a published case in which the Eleventh Circuit reversed a grant of summary judgment on an employment discrimination claim applying the convincing mosaic approach. 2026 WL 2581843, at *4–6 (11th Cir. Sept. 1, 2026).

"materially advance the ultimate termination of the litigation," and (2) "substantial ground for difference of opinion" exists concerning a "controlling question of law" to be appealed. 28 U.S.C. § 1292(b).

Here, no substantial ground for difference of opinion exists concerning a controlling question of law to be appealed. As explained, the Court's order denying summary judgment is consistent with *Ismael*, 161 F.4th 752, and the Eleventh Circuit's application of the convincing mosaic standard in *Brutsman*, 2026 WL 2445639 and in *Hall v. Coal Bed Servs. Inc.*, 2026 WL 2581843, at *4–6 (11th Cir. Sept. 1, 2026). The record, viewed in the light most favorable to Plaintiff, would allow a jury to infer retaliatory intent. Rule 56 requires nothing more.

**SO ORDERED**, this 10th day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT